**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **TERRESTRIAL COMMS LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **CASE NO. 6:19-CV-00597-ADA** |
| **v.** | § | |
| | § | |
| **NEC CORPORATION AND NEC** | § | |
| **CORPORATION OF AMERICA,** | § | |
| *Defendants.* | § | |

**ORDER GRANTING PLAINTIFF TERRESTRIAL COMMS LLC'S MOTION FOR**
**LEAVE TO EFFECT ALTERNATIVE SERVICE**

Before the Court is Plaintiff's Motion for Leave to Effect Alternative Service (ECF No. 18), Defendant's Opposition to Plaintiff's Motion (ECF No. 21), and Plaintiff's Reply (ECF No. 23). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Plaintiff Terrestrial Comms LLC's Motion for Leave to Effect Alternative Service should be **GRANTED**.

## I.    BACKGROUND

Plaintiff Terrestrial Comms LLC ("Terrestrial") alleges patent infringement against Defendants NEC Corporation ("NEC") and NEC's subsidiary, NEC Corporation of America ("NECAM"). ECF No. 1. NEC is a Japanese corporation with its headquarters at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-8001, Japan. *Id.* at 2. On October 14, 2019, Plaintiff filed its initial complaint against NEC, alleging infringement of U.S. Patent No. 6,389,293. *Id.*

On November 1, 2019, an individual named Takeshi Sugawara attempted to effectuate service pursuant to the Hague Convention on NEC on behalf of Terrestrial by personally delivering the summons to NEC's headquarters in Tokyo, Japan. ECF No. 6. Terrestrial filed the purportedly executed summons, with the docket entry stating that the complaint was served on

NEC on November 1, 2019. ECF No. 21-1. However, Sugawara did not sign the proof of service until December 12, 2019. *See* ECF No. 6.

Based on the docket entry stating the date of service as November 1, 2019, NEC's answer was weeks past its alleged due date of November 22, 2019. ECF No. 21-1.  In light of the possibility that Terrestrial would seek a default judgment against NEC, NEC's U.S. counsel, Brian Gearing, contacted Terrestrial's counsel by telephone and email on December 20, 2019. ECF No. 21-2.  In the emails commemorating the telephone call, Terrestrial's counsel acknowledged that the attempted service on NEC was not effective and requested that Mr. Gearing waive service or accept service on behalf of NEC. *Id.*  Mr. Gearing informed Terrestrial's counsel that he was not authorized by NEC to accept service on its behalf and declined to waive service. *Id.*

On December 20, 2019, Terrestrial amended its complaint to include NECAM as a defendant. ECF No. 7.  NECAM moved to transfer the case to the Northern District of Texas on January 21, 2020. ECF No. 12.  Terrestrial agreed to the proposed transfer, which remains pending before the Court. ECF No. 15.  On January 28, 2020, Terrestrial filed a "Notice Regarding Service," in which Terrestrial withdrew its notice of service on NEC and indicated that it would reinitiate service of process on NEC. ECF No. 16.

On February 10, 2020, Terrestrial filed a second, separate complaint against NEC alone. Compl., *Terrestrial Comms LLC v. NEC Corp.,* No. 6:20-cv-00096, ECF No. 1 (W.D. Tex. Feb. 10, 2020).  In the second lawsuit, Terrestrial alleges four additional claims against NEC for patent infringement of U.S. Patent Nos. 8,037,134; 7,098,850; 7,193,563; and 7,411,552. *Id.*  On April 21, 2020, Terrestrial's counsel emailed Mr. Gearing and again requested that NEC waive service or that Mr. Gearing accept service on NEC's behalf. ECF Nos. 21-3; 22-1. In response,

Mr. Gearing stated that he is "not authorized by NEC to accept service" and again declined to waive service. *Id.*  Mr. Gearing told Terrestrial's counsel that "if Terrestrial desires to effectuate service on NEC in connection with the two cases it filed in [the Western District of Texas], it must do so pursuant to the Hague Convention." *Id.*

On April 22, 2020, Terrestrial filed a Motion for Leave to Effect Alternative Service on NEC. Pl.'s Mot., ECF No. 18.  Terrestrial argues that alternative service of process is justified and seeks to serve NEC by emailing its known U.S. counsel, Brian Gearing, pursuant to Federal Rule of Civil Procedure 4(f)(3).  *Id* at 3.  NEC argues that the Court should deny Terrestrial's request for alternative service because service of process on NEC must comply with the procedures set forth by the Hague Convention. Def.'s Opp'n to Pl.'s Mot. ("Def.'s Resp."), ECF No. 21 at 3-5.

## II.    LEGAL STANDARDS

Service of process on a foreign defendant must comply with: (1) the Federal Rules of Civil Procedure; (2) international agreements entered into by the United States and the relevant foreign country; and (3) the due process protections afforded by the United States Constitution.

### 1.  Federal Rules of Civil Procedure

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations such as Defendants, NEC and NECAM. FED. R. CIV. P. 4(h).  Pursuant to Rule 4(h)(2), service on a corporation at a place not within any judicial district of the United States is to be conducted in any manner prescribed by Rule 4(f) for serving an individual except for personal delivery under Rule (4)(f)(2)(C)(i). *Id.*

Pursuant to Rule 4(f), service on a foreign defendant must comply with one of three provisions. FED. R. CIV. P. 4(f).  Rule 4(f)(1) states that service may be made by any means

specified by any international agreement. *Id.*  Rule 4(f)(2) provides several methods of service to an individual in a country when there is no applicable international agreement.[1] *Id.*  Rule 4(f)(3) permits a party to use an alternative method of service if the party obtains permission of the court and the method is not otherwise prohibited by international agreement. *Id.*  Thus, so long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.").

Further, a plaintiff does not have to attempt to effect service under Rule 4(f)(1) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3). *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014); *See Rio Props.,* 284 F.3d at 1015 ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)."). However, even when "other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *See Midmark Corp. v. Janak Healthcare Private Ltd.,* No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014).

### 2.  The Hague Convention

The International Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") is an international treaty

---

[1] Rule 4(f)(2) is not at issue in this case.

governing the service abroad of foreign defendants. 20 U.S.T. 362, T.I.A.S. 6638, Art. 1.[2] Direct "service pursuant to Hague Convention procedures is required only if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990); *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("The only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service."). If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague Convention is not always mandatory. *Brown v. China Integrated Energy, Inc.,* No. 11-2559 MMM, 285 F.R.D. 560, 564 (C.D. Cal. 2012). The method of serving process is governed by the long-arm statute of the forum state. *Schlunk*, 486 U.S. at 706.

### 3. Constitutional Due Process Requirements

Because the claims were brought in the Western District of Texas, an alternative method of service of process is valid if it complies with Texas' long-arm statute. The Texas long-arm statute does not require the transmittal of documents abroad when serving a foreign defendant. *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-cv-01827-N, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007)).

Courts have repeatedly interpreted the Texas long-arm statute "to reach as far as the federal constitutional requirements of due process will allow." *CSR Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex. 1996); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex. 1991); *U-Anchor Adver. Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex. 1997). To satisfy the constitutional requirements of due process, the method of service must be

---

[2] The Hague Convention currently has 76 members, including the United States and Japan as signatories. *Id.*

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Id.* at 317-18.

### III.    DISCUSSION

Terrestrial requests leave to effect alternative service under Rule (4)(f)(3) to serve NEC by emailing NEC's U.S. counsel, Brian Gearing. Pl.'s Mot. 3.  NEC argues that the Court should deny Terrestrial's request because service of process on NEC must comply with the procedures set forth by the Hague Convention. Def.'s Resp. 3–5.  In its Reply, Terrestrial argues that service pursuant to the Hague Convention is not mandatory and that alternative service of process on NEC is justified. Pl.'s Reply, ECF No. 23 at 2–4.  For the reasons set forth below, the Court agrees with Terrestrial and finds that serving NEC's counsel by email comports with constitutional due process requirements.

### A.  Service Pursuant to the Hague Convention Procedures Is Not Mandatory

NEC argues that Terrestrial's service of process on NEC must comply with the procedures set forth by the Hague Convention. Def.'s Resp. 3. Terrestrial argues that serving a foreign defendant pursuant to the Hague Convention's procedures is not always mandatory. Pl.'s Reply 3–4. The Court agrees with Terrestrial. Here, "alternative means to effectuate service exist, [so] strict compliance with the service requirements under the Hague Convention is not mandatory." *Brown,* 285 F.R.D. at 564.

Attempting service under the Hague Convention is not a prerequisite to requesting alternative service. *See Affinity* 2014 WL 11342502, at *1 ("A plaintiff does not have to attempt

to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)."). However, district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted. *See, e.g. WhosHere, Inc. v. Orun,* No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014) (permitting service by email after plaintiff's attempts to serve Turkish defendant via the Hague Convention were unsuccessful); *F.T.C. v. PCCare247 Inc.,* No. 12 Civ. 7189 (PAE),  2013 WL 841037, at *2-4 (S.D.N.Y. Mar. 7, 2013) (permitting service by email and through social media after plaintiff's attempts to serve Indian defendant via the Hague Convention were unsuccessful); *Sulzer Mixpac AG v. Medenstar Indus. Co.,* No. 15 Civ. 1668 (JSR), 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (permitting email service after plaintiff's attempts to serve Chinese defendant via the Hague Convention were unsuccessful).[3] Here, Terrestrial attempted to comply with the formal service requirements of the Hague Convention prior to seeking alternative service on NEC. ECF No. 6.

**B.  Email Service on NEC's Counsel is Justified and Comports with Due Process**

Terrestrial requests that the Court authorize service on NEC by emailing U.S. counsel, Mr. Gearing. Pl.'s Mot. 3. NEC argues that service on Mr. Gearing would be improper because he is not authorized to accept service on NEC's behalf. ECF Nos. 21-2; 21-3; 22-1. The Court finds NEC's argument to be without merit. District courts routinely direct service on an

---

[3] *See also Bazarian Int'l Fin. Assocs., L.L.C. v. Desarroloos Aerohotelco, C.A.,* No. 13-1981 (BAH), 168 F. Supp. 3d 1, 13–16 (D.D.C. 2016) (permitting service by email after plaintiff had attempted to serve foreign defendants via the Hague Convention and investigator was unable to locate defendant's whereabouts); *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC,* No. 2:13-cv-458, 2013 WL 1644808, at *1–2 (W.D. Pa. Apr. 16, 2013) (permitting email service on Russian defendant after stating that "the record demonstrates that the Central Authority of the Russian Federation denies all [Hague Convention service] requests originating from the United States"); *Popular Enterprises, LLC v. Webcom Media Group, Inc.,* No. 3:03-cv-565, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (permitting email service after Plaintiff's attempts to comply with the Hague Convention's requirements were unsuccessful because defendant's mailing address was unknown).

international defendant's counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf. [4]

Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf. *Brown,* 285 F.R.D. at 565–66. Rather, the method of service "must be such as one desirous of actually informing the absentee. . . . The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." *Mullane,* 399 U.S. at 315. "A number of courts . . . have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf." *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014). Effecting service of process on counsel "erases any material doubt that [the defendant] will be provided with notice of the suit." *Huawei Techs. USA, Inc. v. Oliveira,* No. 4:19-cv-229-ALM-KPJ, 2019 WL 3253674, at *3 (E.D. Tex. July 19, 2019) (quoting *WorldVentures,* 2019 WL 6523306, at *14).

The Court views NEC's objection to alternative service as an attempt to further delay resolution of the lawsuits rather than as a method of ensuring NEC's apprisal of the pending suits. This Court previously held that seeking to avoid unnecessary delay and expense in serving a foreign defendant through the Hague Convention is a valid reason to grant alternative service. *Affinity*, 2014 WL 11342502, at *4. Accordingly, the Court may grant leave to effect alternative service under Rule 4(f)(3) by any method that satisfies due process. To satisfy due process, the

---

[4] *See, e.g., Affinity,* 2014 WL 11342502, at *1–4; *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238-JRG, 2012 WL 194388, at *2–3 (E.D. Tex. Jan. 23, 2012); *WorldVentures Holdings, LLC v. Mavie*, No. 4:18-cv-393, 2018 WL 6523306, at *14 (E.D. Tex. Dec. 12, 2018); *Canal Indem. Co. v. Castillo,* No. DR-09-cv-43-AM-CW, 2011 WL 13234740, at *2 (W.D. Tex. Mar. 30, 2011); Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 4, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.,* No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13.

method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. 306, 314. Due process is satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *Id.* at 317–18.

In this case, NEC "expressly objects to service of process [by email] and does not consent to the Court's jurisdiction over it." Def.'s Resp. 6. However, the due process inquiry is not concerned with whether NEC agrees with the Court's designated method of alternative service. The analysis considers whether NEC is reasonably certain to be informed of the pending lawsuits so that it can present its objections. In all likelihood, NEC is already aware of the pending actions and demands service pursuant to the Hague Convention as a means of creating a procedural hurdle to timely litigation.  By effecting service of process on NEC's known U.S. counsel, Mr. Gearing, who is representing NEC in contesting jurisdiction in this matter, NEC is reasonably certain to be apprised of the pending actions, if it is not already aware of them.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that Terrestrial's Motion for Leave to Effect Alternative Service on NEC should be and hereby is **GRANTED**.  It is therefore **ORDERED** that Terrestrial may effect service on NEC by sending the complaint and other required materials to NEC's counsel, Mr. Brian Gearing at Crowell & Moring LLP, by email. Terrestrial must email Mr. Gearing at the same email listed in Mr. Gearing's December 20, 2019 and April 22, 2020 email signature block: BGearing@crowell.com.

**SIGNED** this 17th day of June, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE